### 13198. SCOTT SCHOOL DISTRICT *et al. v.* CARTER *et al.*

As a condition precedent to the holding of an election for school bonds, under the code of school laws, approved August 19, 1919, section 143 (Ga. L. 1919, pp. 345-6), a notice of such election must be published for thirty days next preceding the day of the election, in the newspaper in which the sheriff's advertisements for the county are published.

       DECIDED MARCH 20, 1922.

Petition for validation of schoolhouse bonds; from Johnson superior court — Judge Kent. December 3, 1921.

Certiorari was denied by the Supreme Court.

*E. L. Stephens, solicitor-general, Larsen & Crockett,* for plaintiffs in error. *Adams & Camp,* contra.

STEPHENS, J. This was a proceeding instituted in the superior court of Johnson county by E. L. Stephens, solicitor-general of the Dublin judicial circuit, acting for and in behalf of the State of Georgia, for the purpose of validating a proposed issue of bonds authorized by an election held in Scott school district. The defendants in error regularly intervened and demurred to the proceedings, upon the ground that it does not appear from the petition that any notice of the proposed election was published in a newspaper for the space of thirty days next preceding the day of the election, as required by law. The court sustained the demurrer and dismissed the petition, and to this judgment the petitioners except.

Neither the petition nor the notice declaring the result of the election, given by the trustees of the school district to the solicitor-general, shows that such notice was given. The election was called upon the question of issuing bonds for school purposes, and was held under the authority of section 143 of the code of school laws enacted by the legislature of this State, approved August 19, 1919 (Ga. L. 1919, pp. 345-6). This section provides that when an election is called under its authority, the authorities named therein shall " call such election in terms of law now provided for a county issue of bonds except as herein otherwise provided." It follows, therefore, that in the absence of any provision in this act as to any notice required as a condition precedent to the holding of the election, the provision as to notice required when an election is called for a county issue of bonds applies. The notice there required is publication in the newspaper in which the sheriff's advertisements for the county are published, for a space of thirty days next preceding the day of the election. Civil Code (1910), § 440.

It is contended by the plaintiffs that section 143 of the code of school laws adopted in 1919 contains a specific provision providing that only ten days notice, under certain conditions, be given prior to the holding of an election called under this act, and that this provision renders inoperative the provision as to 30-days notice

in the Civil Code (1910), § 440, which regulates the issuance of bonds by counties, and which would otherwise be applicable · to elections held under the provisions of section 143 of the act of 1919. The provision of section 143 of the act of 1919 thus relied on by the plaintiffs reads as follows: "Said Board of Trustees or Board of Education may order such election to be held on the school site or other suitable place in the school district, consolidated district or county, of which they shall give notice by posting same at three public places in said school district, consolidated district or county, not less than ten days previous to said election." This provision as to ten-days notice, by its very terms, applies only when the proposed election is to be held at some place other than the regular voting or election precinct in the district, without which notice the election must necessarily be held at the regular voting or election precinct as required by section 441 of the Civil Code (1910), governing an election for a county issue of bonds. This provision of section 143 of the act of 1919, providing for 10-days notice that·the election is "to be held on the school site or other suitable place in the school district," is not the notice required as a condition precedent to the holding of the election, and therefore does not supersede the provision as to thirty-days notice required for a county issue of bonds which, unless "otherwise provided," is applicable to elections held under section 143 of the act of 1919.

It not appearing that the required thirty-days notice was given of the intention to hold the election, the proceeding instituted by the solicitor-general to validate the proposed issue of bonds was subject to the demurrer interposed. The court therefore did not err in sustaining the demurrer.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*